IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALLISON L. HARVEY,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CV 17-22-BLG-TJC<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER EAJA** |

On November 13, 2017, the Court remanded this case to the Commissioner for further administrative proceedings and a new decision, upon the parties' joint stipulation. (Doc. 24.) The Court also ordered that Plaintiff would be entitled to reasonable attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), upon proper request. (*Id.*) Plaintiff has now filed a motion for attorney's fees under the EAJA. (Doc. 25.) The Commissioner does not oppose the motion. (Doc. 26.)

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28

U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties . . . ." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner bears the burden of proving "that her position was substantially justified." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994).

Here, the Commissioner does not dispute that Plaintiff is entitled to attorney's fees, and Plaintiff otherwise meets the requirements under the EAJA. Plaintiff is the prevailing party and is an individual whose net worth does not exceed $2,000,000.00. 28 U.S.C. § 2412(d)(2)(B).

Plaintiff requests $4,065.55 in attorney's fees, based on 21.1 hours at the 2016 statutory maximum rate of $192.68 per hour.[1] (Doc. 25; 25-1.) The Court finds the hourly rate is reasonable, as is the number of attorney hours expended.

Accordingly, IT IS HEREBY ORDERED that attorney's fees in the total amount of $4,065.55, pursuant to the EAJA shall:

1. Be awarded directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010) and delivered via check to Plaintiff's counsel, Russell A. LaVigne, Jr., 722 S 148th Street, Burien, WA 98148; *however,*

---

[1] Pursuant to the EAJA, 28 U.S.C. § 2412 (d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the statutory maximum hourly rate, adjusted for increases in the cost of living for 2016 was $192.68. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

2. If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's attorney, Russell A. LaVigne, Jr., and delivered via check to Russell A. LaVigne, Jr., 722 S 148th Street, Burien, WA 98148.[2]

DATED this 14th day of December, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

---

[2] Fees must be paid to Plaintiff as the "prevailing party" because the award may be subject to "a government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff*, 560 U.S. at 589. However, if Plaintiff does not own a government debt that could be offset, then the Commissioner may make payment directly to the attorney, based on a voluntary waiver of the Anti-Assignment Act, 31 U.S.C. § 3727. *United States v. Kim*, 806 F.3d 1161, 1169-70 (9th Cir. 2015).